UNITED STATES DISTRICT COURT
DISTRICT OF SOUTH CAROLINA

| | |
|---|---|
| Ronald Elleby, #248374, | ) C/A No. 3:12-3145-JMC-JRM |
| Petitioner, | ) |
| vs. | ) REPORT AND RECOMMENDATION |
| Warden Tim Riley, | ) |
| Respondent. | ) |

A Petition for Writ of Habeas Corpus pursuant to 28 U.S.C. § 2254 was submitted to the Court *pro se* by a state prison inmate. Pursuant to 28 U.S.C. §636(b)(1)(B), and Local Civil Rule 73.02(B)(2)(c) DSC, this Magistrate Judge is authorized to review all pretrial matters in such *pro se* cases and to submit findings and recommendations to the District Court. *See* 28 U.S.C. § § 1915(e); 1915A (as soon as possible after docketing, district courts should review prisoner cases to determine whether they are subject to summary dismissal).

**BACKGROUND**

This is Petitioner's second § 2254 Petition filed in this court seeking to challenge his 1998 Richland County murder and armed robbery convictions. His initial petition was "dismissed *with prejudice* under Rule 41(b)" on November 12, 2008 because he did not respond to the State's motion for summary judgment. *Elleby v. Cartledge*, Civil Action No. 3:08-385-HFF 2008 WL 4934019 (D.S.C. Nov. 12, 2008).

In the Petition submitted in this case, Petitioner makes an involuntary guilty plea argument and raises other ineffective assistance-related grounds to challenge the validity of his convictions. (ECF No. 1, Petition 6-11). In response to the petition form's question about timeliness of the petition, Petitioner cites to a recent United States Supreme Court opinion, *Martinez v. Ryan*, 132 S.

Ct. 1309 (U.S. March 20, 2012), and states that "it is the basis for this case" so the "statute of limitations should not apply." *Id.*, (Petition 13, Attach. 1 at 4). Petitioner does not allege that he presented his petition-timeliness position to the Fourth Circuit in a request for authorization to file this successive petition or that he received such authorization before filing this Petition in this court.

## **INITIAL REVIEW**

Under established local procedure in this judicial district, a careful review has been made of the *pro se* Petition filed in this case. The review was conducted pursuant to the procedural provisions of 28 U.S.C. §§ 1915, 1915A, and the Anti-Terrorism and Effective Death Penalty Act of 1996, and in light of the following precedents: *Denton v. Hernandez*, 504 U.S. 25 (1992); *Neitzke v. Williams*, 490 U.S. 319, 324-25 (1989); *Haines v. Kerner*, 404 U.S. 519 (1972); *Nasim v. Warden, Md. House of Corr.*, 64 F.3d 951 (4th Cir. 1995); *Todd v. Baskerville*, 712 F.2d 70 (4th Cir. 1983).

This Court is required to construe *pro se* petitions liberally. Such *pro se* petitions are held to a less stringent standard than those drafted by attorneys, *Gordon v. Leeke*, 574 F.2d 1147, 1151 (4th Cir. 1978), and a federal district court is charged with liberally construing a petition filed by a *pro se* litigant to allow the development of a potentially meritorious case. *Erickson v. Pardus*, 551 U.S. 89 (2007). When a federal court is evaluating a *pro se* petition the petitioner's allegations are assumed to be true. *De'Lonta v. Angelone*, 330 F. 3d 630, 630n.1 (4th Cir. 2003). The requirement of liberal construction does not mean that the Court can ignore a clear failure in the pleading to allege facts which set forth a claim currently cognizable in a federal district court. *Weller v. Dep't of Soc. Servs.*, 901 F.2d 387 (4th Cir. 1990).

Furthermore, this court is charged with screening Petitioner's lawsuit to determine if "it plainly appears from the petition and any attached exhibits that the petitioner is not entitled to relief

in the district court." Rule 4 of Rules Governing Section 2254 Cases in the United States District Courts; *see also* Rule 1(b) of Rules Governing Section 2254 Cases in the United States District Courts (a district court may apply these rules to a habeas corpus petition not filed pursuant to § 2254). Following the required initial review, the Petition submitted in this case should be summarily dismissed.

## DISCUSSION

If a petition is frivolous or patently absurd on its face, entry of dismissal may be made on the court's own motion without the necessity of requiring a responsive pleading from the government. *See Raines v. United States*, 423 F.2d 526, 529 (4th Cir. 1970). The issue of successiveness of a habeas petition may be raised by the court *sua sponte*. *Rodriguez v. Johnson*, 104 F.3d 694, 697 (5th Cir. 1997); *Latimer v. Warden*, NO. 6:10-721-JFA-WMC, 2010 WL 2720912 (D.S.C. July 08, 2010).

Chapter 153 of Title 28 of the United States Code provides a statutory framework for federal post-conviction relief from judgments of conviction entered in federal and state courts. Under this framework, individuals convicted of crimes in state courts seek federal habeas corpus relief through 28 U.S.C. § 2254. *See In re Vial*, 115 F.3d 1192, 1194 (4th Cir. 1997) (footnote omitted). On April 24, 1996, the President of the United States signed into law the Anti-Terrorism and Effective Death Penalty Act of 1996 (the "AEDPA") which, in part, amended Chapter 153. The AEDPA effected a number of substantial changes regarding the availability of federal post-conviction relief to individuals convicted of crimes in federal and state courts. Of particular importance here are the provisions of the AEDPA codifying and extending judicially constructed limits on the consideration of second and successive applications for collateral relief. *See Felker v. Turpin*, 518 U.S. 651, 657

(1996). Under the AEDPA, an individual may not file a second or successive § 2254 petition for a writ of habeas corpus (or the equivalent thereof) or a second or successive § 2255 motion to vacate sentence without first receiving permission to do so from the appropriate circuit court of appeals. *See In re Vial*, 115 F.3d at 1194.[1] The "gatekeeping" mechanism created by the AEDPA added § 2244(3)(A) to provide:

> Before a second or successive application permitted by this section is filed in the district court, the applicant shall move in the appropriate court of appeals for an order authorizing the district court to consider the application.

The Petition filed in this case appears to be a second and successive petition because it raises claims against the validity of the 1998 Richland County convictions which could have been brought in the first habeas case. *See Gonzalez v. Crosby*, 545 U.S. 524, 531-32 (2005). Additionally, the Petition is successive because Petitioner's initial § 2254 petition was dismissed "with prejudice" under Federal Rule of Civil Procedure 41(b) when he failed to respond to the State's motion for summary judgment in the case. The text of that rule, itself, states that a dismissal under the rule "operates as an adjudication on the merits." Fed. R. Civ. P. 41(b). Petitioner did not appeal the dismissal of his initial § 2254 petition, and he did not obtain authorization from the Fourth Circuit Court of Appeals before filing his current Petition in this Court.

---

[1] Petitioner may be able to present a claim for the first time in a successive habeas petition where the claim relies on a new rule of constitutional law, *see* 28 U.S.C. § 2244(b)(2)(A), or, if the claim is based on newly discovered evidence, where the Petitioner can make a prima facie showing of both cause and prejudice within the meaning of § 2244(b)(2)(B)(i) and (ii). *See Evans v. Smith*, 220 F.3d 306, 323 (4th Cir. 2000). He seems to be making an argument under the "new rule of constitutional law" portion of the statute in this case; however, he should make that argument for authorization of his successive petition to the Fourth Circuit first. Petitioner is advised that "[t]he grant or denial of an authorization by a court of appeals to file a second or successive application shall not be appealable and shall not be the subject of a petition for rehearing or for a writ of certiorari." 28 U.S.C. § 2244(b)(3)(E).

4

Because Petitioner did not obtain authorization from the Fourth Circuit Court of Appeals to file this Petition in this district court, this Court does not have jurisdiction to consider it and it is subject to summary dismissal without service on the Respondent.  *See Romandine v. U. S.*, 206 F.3d 731, 734 (7th Cir. 2000); *U.S. v. Key*, 205 F.3d 773, 774 (5th Cir. 2000); *Hernandez v. Campbell*, 204 F.3d 861, 866 (9th Cir. 2000); *U. S. v. Barrett*, 178 F.3d 34, 41 (1st Cir. 1999); *Williams v. Hopkins*, 130 F.3d 333, 336 (8th Cir. 1997); *Hill v. Hopper*, 112 F.3d 1088, 1089 (11th Cir. 1997).

### RECOMMENDATION

Accordingly, it is recommended that the Petition for a Writ of Habeas Corpus in this case be dismissed *without prejudice*.

Petitioner's attention is directed to the important notice on the next page.

Joseph R. McCrorey
United States Magistrate Judge

November 20, 2012
Columbia, South Carolina

**Notice of Right to File Objections to Report and Recommendation**

The parties are advised that they may file specific written objections to this Report and Recommendation with the District Judge. Objections must specifically identify the portions of the Report and Recommendation to which objections are made and the basis for such objections. "[I]n the absence of a timely filed objection, a district court need not conduct a de novo review, but instead must 'only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation.'" *Diamond v. Colonial Life & Acc. Ins. Co.*, 416 F.3d 310 (4th Cir. 2005) (quoting Fed. R. Civ. P. 72 advisory committee's note).

Specific written objections must be filed within fourteen (14) days of the date of service of this Report and Recommendation. 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b); *see* Fed. R. Civ. P. 6(a), (d). Filing by mail pursuant to Federal Rule of Civil Procedure 5 may be accomplished by mailing objections to:

> Larry W. Propes, Clerk
> United States District Court
> 901 Richland Street
> Columbia, South Carolina 29201

**Failure to timely file specific written objections to this Report and Recommendation will result in waiver of the right to appeal from a judgment of the District Court based upon such Recommendation.** 28 U.S.C. § 636(b)(1); *Thomas v. Arn*, 474 U.S. 140 (1985); *Wright v. Collins*, 766 F.2d 841 (4th Cir. 1985); *United States v. Schronce*, 727 F.2d 91 (4th Cir. 1984).